**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CLYDE GOLDEN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HOME DEPOT, U.S.A, INC.,**<br><br>**Defendant.** | **1:18-cv-00033-LJO-JLT**<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS (ECF No. 7)** |

## I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1  visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a

2  U.S. District Judge from inside or outside the Eastern District of California.

## II. <u>INTRODUCTION</u>

4       This matter concerns the motion filed by Defendant Home Depot U.S.A., Inc. ("Home Depot" or

5  Defendant) to dismiss or to strike portions of Plaintiff Clyde Golden's Complaint in this case. ECF No.

6  7. Plaintiff's Complaint, a putative class action, alleges various causes of action based in fraudulent and

7  unfair business practices in connection with Defendant's sale of lumber as mahogany. For the following

8  reasons, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendant's

9  motion to strike is DENIED.

## III. <u>PROCEDURAL HISTORY</u>

11       Plaintiff initially filed a complaint relating to Defendant's sale of mahogany products on August

12  30, 2017, but voluntarily dismissed that action on January 3, 2018. *See Golden v. Home Depot, U.S.A.,*

13  *Inc.*, Case No. 1:17-cv-01174-LJO-JLT, ECF Nos. 1, 17. That case closed on January 5, 2018. *Id.* at

14  ECF No. 18. Plaintiff filed the operative Complaint as a new case on January 5, 2018. ECF No. 1. On

15  March 6, 2018, Defendant moved to dismiss the Complaint. ECF No. 7. Plaintiff filed an opposition on

16  March 21, 2018. ECF No. 9. Defendant filed its reply on March 28, 2018. Pursuant to Local Rule

17  230(g), the Court determined the matter to be suitable for decision on the papers, and took it under

18  submission on March 29, 2018. ECF No. 13.

## IV. <u>JUDICIAL NOTICE</u>

20       Defendant cites in its motion to dismiss a number of documents and websites Defendant asks the

21  Court to consider. ECF No. 7-1 at 16-17, 21-22. Plaintiff opposes the Court's consideration of these

22  materials as outside the pleadings and not properly subject to judicial notice. ECF No. 9 at 6-7. Plaintiff

23  asks that judicial notice not be taken, and that Defendant's references to material outside the pleadings

24  be struck. *Id.* In the alternative, Plaintiff argues that Defendant's request converts the motion to dismiss

25  into a motion for summary judgment, to which Plaintiff must be given an opportunity to respond. *Id.* at

9-12.

A court may "take judicial notice of matters of public record outside the pleadings" on a motion to dismiss. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A judicially noticed fact must be "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If a court does elect to take judicial notice of matters outside the pleadings, the parties are entitled to receive notice of the court's intention and an opportunity to be "heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e).

The Court does not believe that the facts advanced by Defendant regarding mahogany, including its dictionary definition, are generally known within the Eastern District of California, and the various sources offered by Defendant are not of the type "whose accuracy cannot reasonably be questioned." *The Wood Database* appears to be a privately maintained source for woodworking information. *About the Project*, The Wood Database, http://www.wood-database.com/about (last visited May 25, 2018). *Woodworkers Source* is a website primarily selling mahogany and other hardwoods and also hosting FAQs, a blog, and other informational resources for lumber buyers. Woodworkers Source, http://www.woodworkerssource.com (last visited May 25, 2018).[1] Defendant also references a collection of other websites selling Santos mahogany and Red mahogany. *See* ECF No. 7-1 at 22. None of these are sources whose accuracy cannot be questioned. *See Experian Info. Solutions, Inc. v. Lifelock, Inc.*, 633 F. Supp. 2d 1104, 1107 (C.D. Cal. 2009) (the webpage of the Governor of Connecticut was not judicially noticeable); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008) (webpage containing a study on identity theft and a webpage containing a list of reported identity theft breaches were not judicially noticeable). Moreover, Defendant asks the Court to take judicial notice of these

---

[1] The Court observes that Plaintiff cited "Woodworkers Source" in his Complaint as a source for his allegations regarding the woodworking properties of mahogany, despite Plaintiff's assertion that he did not reference that source. ECF No. 1 at 8 n. 6; ECF No. 9 at 7.

sources not for the fact that they exist, but rather as to the truth of the facts asserted therein and as they pertain to an apparent dispute of fact. The meaning of a disputed term in trade or common usage is precisely the factual question that is at the heart of this matter, that is, whether Defendant's lumber labeling practices were false or misleading to consumers.

Defendant cites a number of cases for the proposition that courts may look to dictionaries, trade and industry usage, and law to determine the meaning of words. ECF No. 7-1 at 20-21. In its reply, Defendant appears to assert that those same cases support his argument that the Court should consider such sources in ruling on the instant motion to dismiss. ECF No. 11 at 3. The cases Defendant cites are, however, distinguishable from this one.

In *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017), *amended and superseded on denial of reh'g en banc,* __ F.3d ___, 2018 WL 2169784 (9th Cir. May 9, 2018), the Ninth Circuit held that a complaint properly alleged that the defendant had falsely represented their product to be flushable, doing so in part by including in the complaint dictionary definitions and the defendant's statements. *Id*. at 1110-11. Here, Defendant asks the Court to take notice of dictionary definitions which did not appear in the Complaint. At the motion to dismiss stage, the pleadings are evaluated as to whether sufficient facts, taken as true, have been pled to state a claim. A Rule 12(b)(6) motion is not the time or place for a defendant to rebut factual allegations with contradictory evidence.

In *Wagner v. Circle W Mastiffs*, Nos. 2:08-CV-00431, 2:09-CV-00172, 2014 WL 1308713 (S.D. Ohio Mar. 31, 2014), the court considered evidence regarding American Mastiff dog breed standards in granting a motion for summary judgment. *Id*. at *20-21. Evidence provided by both parties may properly be considered at summary judgment to determine whether there is a genuine issue of material fact. The same is not true at the motion to dismiss stage.

In *Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 WL 2563857 (N.D. Cal. June 28, 2012), the court referenced federal regulatory standards and definitions to which the plaintiff had made reference in the complaint. *Id*. at *3. Plaintiff here has not referred in his complaint to any of the sources

4

Defendant wishes the Court to consider, apart from *Woodworker's Source*. Defendant cites to a different, unrelated section of that website than Plaintiff, namely a listing advertising a "Genuine Mahogany" dowel rod at a price of $22.25. ECF No. 7-1 at 17. Plaintiff, on the other hand, cited *Woodworker's Source* as a reference to his allegation that "[g]enuine Mahogany ranks among the finest cabinetry in the world as its working characteristics are outstanding for all woodworking processes, including cutting, shaping, tuning, and sanding." ECF No. 1 at ¶ 32. Plaintiff's citation to what appears to be an informational blog maintained on a website does not open the door to Defendant's use of unrelated portions of that same website in presenting a motion to dismiss.

Finally, *California Lettuce Growers, Inc. v. Union Sugar Co.*, 45 Cal. 2d 474 (1955), concerned the application of evidence regarding past practice between the parties to determine that an unspecified purchase price did not render a contract void. *Id*. at 482-83. The evidence of past practice was applied by the *California Lettuce Growers* court to reject a defense based on lack of mutuality and the use of the evidence was based on a specific allegation in the defendant's counterclaim. *Id*. at 482. Here, the sources Defendant asks the Court to consider are entirely outside of the pleadings and no allegation puts those sources at issue, besides the previously discussed sections of *Woodworker's Source*.

Defendant also argues that its failure to request by motion that the Court take judicial notice of the external sources is not fatal, since a court may *sua sponte* take judicial notice. ECF No. 11 at 3. The Court declines to take *sua sponte* notice of the sources proffered by Defendant. As the Court has explained, the sources cited by Defendant in its motion are not of the type whose provenance provides assurances that the accuracy of the facts therein cannot reasonably be questioned. Additionally, the facts Defendant references are not generally known within the Eastern District of California. Finally, the factual questions for which Defendant cites the aforementioned sources are precisely those which are disputed in this case. Conflicts of evidence should be determined at trial, not on a motion to dismiss. For the foregoing reasons, the Court concludes that it is inappropriate to take notice of the documents cited

by Defendant.[2]

# V. FACTUAL BACKGROUND

Plaintiff's Complaint alleges the following facts, which are accepted as true for the purposes of the instant motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Authentic mahogany is prized for its beauty, durability, color, and ease of use in woodworking. *Id*. at ¶ 30. Authentic mahogany has a reddish-brown color, darkens over time, and displays a reddish sheen when polished. *Id*. at ¶ 31. It is used in paneling, furniture, boats, musical instruments, and cabinetry. *Id*. at ¶ 31-32. Authentic mahogany is the wood of several species of trees in the *Meliaceae* family. *Id*. at ¶ 33. Varieties of authentic mahogany include the type alternately known as Dominican, Cuban, West Indian, or small-leaf mahogany (*Swietenia mahagoni*), Honduran, or large-leaf, mahogany (*Swietenia macrophylla*), and Pacific Coast mahogany (*Swietenia humilis*). *Id*. at ¶ 34

Home Depot operates more than 2200 stores, and also conducts business through a website, HomeDepot.com. *Id*. at ¶¶ 21-22. In both the brick and mortar stores and the online portal, Home Depot sells lumber as mahogany. *Id*. at ¶¶ 28-29. Some of the wood varieties Home Depot advertises, markets, and sells as mahogany are species of eucalyptus from the *Myrtaceae* family. *Id*. at ¶ 35. Home Depot markets as mahogany the wood of *Eucalyptus rubusta* trees, which is commonly known as "Swamp mahogany." *Id*. at ¶ 36. Swamp mahogany is denser and more difficult to work with than authentic mahogany. *Id*. at ¶ 38. Home Depot also markets *Ecualyptus resinifera* wood as "Red mahogany" and wood of the *Myroxylon balsamum*, a tree in the *Fabaceae* family, as "Santos mahogany." *Id*. at ¶¶ 40, 42. Santos mahogany is heavier than authentic mahogany and more difficult to work with. *Id*. at ¶ 43.

---

[2] The Court also declines to convert this motion into one for summary judgment. Whether to convert a motion to dismiss into a motion for summary judgment is within the discretion of the Court. *See Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003) (conversion of a Rule 12(b)(6) motion to a motion for summary judgment takes place at the discretion of the district court). The Court declines to exercise its discretion to convert the motion because Defendant has not been provided "notice . . . and any opportunity to respond," which would "include time for discovery necessary to develop facts justifying opposition to the motion." *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985); *see also Hernandez v. Levy Premium Foodservice, LP*, Case No. CV 13-08790 MMM (SHx), 2014 WL 12569361, at *3 (C.D. Cal. Mar. 17, 2014) (collecting cases standing for the proposition that it is improper to rule on a motion for summary judgment before any discovery has taken place). At this early stage of the litigation, it is premature to rule on a motion for summary judgment.

Home Depot discloses the species of some types of wood that it sells online, but does not disclose the species of its mahogany products. *Id*. at ¶¶ 45, 49. Knowing the species is important in determining the quality of the wood, and influences factors including workability, durability, and resistance to rot. *Id*. at ¶ 48. Home Depot advertises that the mahogany board it sells online is "premium" and "finest grade." *Id*. at ¶¶ 47, 52. The same representations regarding mahogany products are made in brick and mortar stores. *Id*. at ¶ 53. Because the species of the wood marketed as mahogany by Home Depot is not disclosed, consumers are led to believe that they are purchasing authentic mahogany when they are instead buying a less desirable type of wood. *Id*. at ¶ 50. Home Depot deliberately refuses to answer questions about the species of mahogany products posed through HomeDepot.com's "Questions & Answers" tab. *Id*. at ¶ 51.

On July 26, 2017, Plaintiff purchased several strips of wood from a Home Depot location on Ming Road in Bakersfield, California. *Id*. at ¶ 59. The wood was sold as mahogany board, and Plaintiff paid $3.52 per strip, plus a state lumber fee and tax. *Id*. at 15 fig. 13. Unnamed employees of Home Depot told Plaintiff that he was purchasing "authentic, genuine mahogany." *Id*. at ¶ 60. Plaintiff later tested the wood strips and learned that they were made of Swamp mahogany. *Id*. at ¶¶ 61-62. Swamp mahogany is less valuable than "genuine, authentic mahogany." *Id*. at ¶ 63. Plaintiff would not have purchased the wood, or would only have purchased it at a lower price, had he known that it was Swamp mahogany. *Id*. at ¶ 71. A consumer has no way of knowing that the mahogany marketed by Home Depot is actually Swamp mahogany. *Id*. at ¶ 65.

Plaintiff alleges the following causes of action: (1) declaratory judgment under 28 U.S.C. § 2201; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (4) violations of California's Unfair Competition Laws ("UCL") prohibiting unfair, (5) unlawful, and (6) fraudulent business practices, Cal Bus. & Prof. Code § 17200 *et seq*.; (7) violation of California's false advertising laws ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq*.; (8) negligent misrepresentation; (9) unjust enrichment; and (10)

breach of express warranty. ECF No. 1 at 1.

## VI. <u>STANDARD OF DECISION</u>

### A.  <u>Rule 12(b)(1)</u>

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1) attacks the subject-matter jurisdiction of the district court. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010). The party asserting that the district court has jurisdiction "bears the burden of proving its existence. *Id*. at 1122. "Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). On a motion to dismiss under Rule 12(b)(1), "a district court must accept as true all material allegations in the complaint, and must construe the complaint in the nonmovant's favor." *Chandler*, 598 F.3d at 1121.

### B.  <u>Rule 12(b)(6)</u>

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To overcome a Rule 12(b)(6) challenge, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

When a court grants a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), it must also decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Captial, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal without leave to amend is improper unless it is clear that "the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

## VII. <u>ANALYSIS</u>

Defendant contends that Plaintiff has not alleged why he believes the wood sold by and purchased from Home Depot was falsely represented to be mahogany. ECF No. 7-1 at 15-16. Additionally, Defendant argues that Plaintiff did not justifiably rely on any representation by Home

Depot that the wood sold was of a superior grade than what he purchased because Home Depot marketed the lumber as Swamp mahogany and priced it well below what Plaintiff would have expected to pay for authentic mahogany. *Id*. at 16-17. Defendant also argues that Plaintiff's claims, which sound in fraud, must be dismissed under Rule 9(b) for failure to plead with particularity the identities of the Home Depot employees who made representations to him and the circumstances of those representations. *Id*. at 17-19. Defendant asserts that Plaintiff's CLRA, UCL, and false advertising claims fail because Plaintiff has not pled facts showing that a reasonable consumer would be deceived or misled by Home Depot's use of the word "mahogany" for its lumber products. *Id*. at 19-24.

Defendant also argues that Plaintiff failed to allege facts supporting the elements of certain claims. Specifically, Defendant argues that Plaintiff has not alleged any facts to bolster his assertion that Home Depot knew or deliberately disregarded the fact that the mahogany it sold was not authentic, and thereby failed to plead a cognizable breach of implied covenant of good faith and fair dealing claim. *Id*. at 24-25. As to Plaintiff's CLRA and UCL unlawfulness claims, Defendant argues that Plaintiff has not alleged facts to establish that Home Depot had any obligation to disclose the species of the wood it sold as mahogany. *Id*. at 25. Defendant contends that Plaintiff 's negligent misrepresentation claim must fail as it is barred by California's economic loss rule, and also because Plaintiff has not alleged facts showing a misrepresentation and justifiable reliance. *Id*. at 25-26. Unjust enrichment is a remedy, and not a freestanding cause of action, Defendant asserts, and Plaintiff may only be entitled to this remedy if he can succeed on one of his other claims but he cannot assert it as an independent claim. *Id*. at 26-27. Finally, Defendant argues that a claim for violation of an express warranty requires that the warranty be a written statement, and Plaintiff does not allege that he relied on any particular written statement. *Id*. at 27.

Additionally, Defendant argues, Plaintiff lacks standing to assert claims based on products he never purchased, including Red and Santos mahoganies, or representations he has not alleged he knew of, such as those made on HomeDepot.com. *Id*. at 27-31. Finally, Defendant argues that Plaintiff's claim

is not amenable to class certification because Plaintiff has not pled sufficient facts to allege that a class of similarly affected individuals exists, or that the harms he suffered are sufficiently similar to those suffered by others. *Id.* at 31-33. Accordingly, Defendant argues, the Court should dismiss or strike the class allegations from the Complaint. *Id.*

## A.   Falseness

Defendant argues that all of Plaintiff's claims fail because he has not alleged facts establish that Home Depot's marketing of non-*Meliaceae* woods as mahogany was a false representation. ECF No. 7-1 at 15. Defendant also contends that Plaintiff has not pled the identities of the persons who made any alleged misrepresentations, or the circumstances and contents of such conversations. *Id.* at 17-19; ECF No. 11 at 5. Plaintiff responds by pointing to the portions of his complaint that allege authentic mahogany comes from certain species of trees in the *Meliaceae* family. ECF No. 9 at 18.

Claims sounding in fraud are subject to the heightened pleading requirements imposed by Rule 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the conduct constituting fraud are stated with particularity when they are sufficiently identified "so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). A plaintiff alleging fraud must include "the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal citations and quotation marks omitted). Allegations of fraud should include, at the minimum, "statements of the time, place and nature of the alleged fraudulent activities." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds as stated in Flood v. Miller*, 35 F. App'x 701, 703 n. 3 (9th Cir. 2002).

Defendant's argument that Plaintiff has not alleged sufficiently that Home Depot falsely represented its lumber products as mahogany fails. The Complaint contains sufficiently detailed

allegations regarding the characteristics of wood from trees in the *Meliaceae* family and those of wood from other species sold as Swamp, Santos, and Red mahogany to conclude that genuine mahogany is a different product in important ways from Swamp, Santos, and Red mahogany. The Complaint also alleges that only wood from *Meliaceae* family trees "can truly be called mahogany," ECF No. 1 at ¶ 33, and that wood derived from other species and sold by Home Depot is not mahogany. *Id*. at 35. Plaintiff has alleged sufficient facts to support his claim that only wood from certain species in the *Meliaceae* family is genuine mahogany. Assuming Plaintiff's allegations to be true, as the Court must at the motion to dismiss stage, it follows from the aforementioned assertion that non-*Meliaceae* woods are not genuine mahogany, and that advertising such lumber as mahogany is a false statement.

Defendant argues that Plaintiff's allegations of fraud are insufficient, relying on *Figy v. Frito-Lay North America, Inc.*, 67 F. Supp. 3d 1075 (N.D. Cal. 2014). ECF No. 7-1 at 15. *Figy* concerned a claim for allegedly deceptive labeling that stated products were "Made with All Natural Ingredients." *Figy*, 67 F. Supp. 3d at 1089-90. Dismissing the claim, the court concluded that a complaint which failed to allege "how or why the offending ingredients are unnatural" did not provide sufficient facts to explain "what the[] ingredients are and how they are unnatural." *Id*. at 1090. Here, unlike in *Figy*, where the complaint failed to allege why specific ingredients were unnatural, Plaintiff's complaint clearly states what he believes is false about Home Depot's labeling: the use of the word "mahogany" for lumber that does not come from trees in the *Meliaceae* family. Plaintiff alleges that genuine mahogany comes *only* from trees in the *Meliaceae* family; any other wood sold as mahogany is mislabeled. Plaintiff has specifically alleged both a definition of what constitutes genuine mahogany (wood from certain types of trees in the *Meliaceae* family), and why the wood sold as mahogany sold by Home Depot is not genuine mahogany (because is comes from different species of trees).

Defendant's argument that Plaintiff has not pled the "who" and "what" of the alleged misrepresentation fails. The Court finds that the allegations of oral representations made by unnamed Home Depot employees to Plaintiff when he was purchasing mahogany board at the Ming Road Home

Depot location in Bakersfield, California on June 26, 2017, are sufficient to meet the Rule 9(b) standard. A plaintiff alleging fraud need not name the specific employee who made the misleading representation when it would be unrealistic to expect a customer to recall that detail. *Odom v. Microsoft Corp*, 486 F.3d 541, 554-55 (9th Cir. 2007) ("[I]n the circumstances of a retail transaction whose full consequences are realized only months later, the employee of the store need not be named."). Plaintiff has alleged the approximate time and place of the misleading statement. The Complaint also sets forth the nature of the misrepresentation, namely that the unnamed employees told Plaintiff that "the lumber products he was purchasing were authentic, genuine mahogany." ECF No. 1 at ¶ 60.

Moreover, the Complaint does not indicate that oral representations by employees at the Bakersfield Home Depot were the only representations on which Plaintiff relied. Plaintiff alleges that he relied on representations made by Home Depot "both in Home Depot's brick and mortar retail stores as well as online at Homedepot.com." ECF No. 1 at ¶ 3. Importantly, Plaintiff alleges that Home Depot represented in both their physical stores, including the location Plaintiff visited, and online at HomeDepot.com, that Home Depot's mahogany products were "finest grade" and "premium." *Id.* at ¶ 52-53. While Plaintiff alleges that a Home Depot employee told him that the mahogany he purchased was "authentic" and "genuine," ECF No. 1 at ¶ 60, he also alleges that Home Depot's representation as to the "premium" quality of its mahogany was a material factor in his decision to purchase the lumber. *Id.* at ¶ 70. Finally, Plaintiff alleges that the wood he purchased from the Bakersfield Home Depot was labeled as mahogany. *Id.* at ¶ 7.

Even setting aside Plaintiff's allegations regarding oral representations, Plaintiff has adequately alleged the "who, what, when, where, and how" required for a claim based in fraud under Rule 9(b). Accordingly, Defendant's motion to dismiss for failure to allege falseness and failure to meet the Rule 9(b) pleading standard is DENIED.

**B.      Justifiable Reliance**

 Defendant contends that Plaintiff did not justifiably rely on any misrepresentation because he should have investigated the label "Swamp mahogany" and should have been alerted by the low price of Home Depot's lumber that he was not purchasing genuine mahogany. *Id*. at 16-17. Plaintiff responds that the Complaint contains an error that suggests the wood Plaintiff purchased from a brick and mortar Home Depot location was labeled Swamp mahogany, when in fact the wood was not. ECF No. 9 at 14; *see* ECF No. 1 at ¶ 61. Plaintiff contends that this is inconsistent with the rest of the Complaint, and that he did not discover that the wood was Swamp mahogany until after the purchase. ECF No. 9 at 14.

 It is not clear from Defendant's motion why he believes Plaintiff should have pled justifiable reliance as a general matter. The the sole authority to which Defendant cites in relation to this proposition, this Court's decision in *Khan v. CitiMortgage, Inc*., 975 F. Supp. 2d 1127 (E.D. Cal. 2013), concerned a claim for common law fraud, an element of which in California is justifiable reliance. *Id*. at 1139 (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997)); ECF No. 7-1 at 16-17. Plaintiff has not advanced any claim for common law fraud in this matter. Justifiable reliance simply is not an element that must be pled in all claims sounding in fraud under Rule 9(b). Certain claims which sound in fraud may have justifiable reliance as an element, and all fraud claims when brought in this Circuit must meet Rule 9(b)'s particularity requirement, *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003), but Rule 9(b) functions independently of the specific elements which must be pled to state a given claim. Defendant has not specified which, if any, of Plaintiff's particular claims have justifiable reliance as an element in this matter.[3] Accordingly, Defendant's motion to dismiss on the basis that Plaintiff has not pled justifiable reliance is DENIED.

**C.      Reasonable Consumer**

 Defendant challenges Plaintiff's claims under the CLRA, UCL, and FAL, arguing that Plaintiff

---

[3] Moreover, even if Defendant had made its arguments with more specificity, in California "a presumption, or at least an inference, of reliance arises whenever there is a showing that a misrepresentation was material." *Engalla*, 15 Cal. 4th at 977.

has not alleged facts showing that a reasonable consumer would likely be deceived by the term "mahogany" as used by Home Depot in its labeling. ECF No. 7-1 at 19-24. Defendant advances two arguments on this point. First, Defendant asserts that the plain meaning of the term "mahogany" runs counter to Plaintiff's allegations that only wood from *Meliaceae* family trees is understood to be mahogany and that Home Depot's use of the word is in conformity with this common usage. *Id*. at 20-21. Defendant also notes that Plaintiff has not alleged that any regulation, law, or agency sets forth a definition of mahogany, and that the lumber industry commonly labels and sells a variety of woods as mahogany. *Id*. at 21-22.

Second, Defendant argues that a purportedly true statement, such as Home Depot's labeling of its lumber products as mahogany, generally does not mislead consumers. *Id*. at 22-23. While a true statement may be actionable if likely to mislead or deceive a consumer, Defendant argues that Home Depot's descriptions of its lumber as "premium" and "finest grade" are mere puffery. *Id*. at 23. Additionally, even a false statement is not actionable if it is not likely that the statement would mislead a reasonable consumer. *Id*. at 23-24.

Plaintiff argues in response that Home Depot's advertising statements are not puffery and are actionable because they are "specific detailed factual assertions." ECF No. 9 at 19. He also argues that Home Depot's statements were materially misleading because he would not have purchased mahogany had he known that it was in fact wood from a species of Eucalyptus tree. *Id*. at 20.

 The "reasonable consumer" standard governs misrepresentation and omission claims under California's UCL fraudulent and unfair prongs as well as under the FAL and CLRA. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). A plaintiff must show that consumers are "likely to be deceived" by the challenged statements. *Id*. (citation omitted). As the Ninth Circuit has noted, "[t]he California Supreme Court has recognized 'that these laws prohibit not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Id*. (quoting *Kasky v. Nike, Inc.*, 27 Cal. 4th

939, 951 (2002)).

Defendant's arguments regarding the ordinary meaning of the word "mahogany" are unavailing. The Court has already considered and rejected Defendant's arguments that it should consider extrinsic sources to discern the ordinary meaning at this stage in the litigation. Plaintiff is not bringing an action for violation of a federal or state law or regulation specifically governing the sale of mahogany or the labeling of lumber products, and therefore need not plead that Home Depot's labeling practice was in violation of any regulatory definition of mahogany. Whether or not a reasonable consumer would expect a specific species of wood when buying mahogany, or whether it is an accepted industry practice to sell wood from trees which are not members of the *Meliaceae* family as mahogany are questions of fact not amenable to adjudication at this stage of the case on this record.

Defendant's argument that a label containing the "common or usual name" of a product is not a misrepresentation is also not convincing. ECF No. 7-1 at 20 (citing *Ross v. Sioux Honey Ass'n, Coop.*, No. C-12-1645 EMC, 2013 WL 146367 (N.D. Cal. Jan 14, 2013)). In *Ross*, the court concluded that the Plaintiff failed to allege that the absence of pollen in honey was of material concern to the average consumer. 2013 WL 146367 at *16, *18. Here, Plaintiff has alleged a number of differences between genuine mahogany and Swamp, Santos, and Red mahogany that a reasonable consumer would take into account when purchasing wood, including density, workability, durability, resistance to rot, and prestige. ECF No. 1 at ¶¶ 38, 43, 48, 50, 54, 55. A reasonable consumer, under the facts alleged by Plaintiff, could very likely be deceived when purchasing Swamp mahogany, expecting genuine mahogany from a *Meliaceae* species, and receiving less desirable eucalyptus instead.[4]

Defendant's final, and strongest, argument is that Home Depot's descriptions of its lumber as

---

[4] There are other items that are similarly marketed by affixing an adjective onto a noun associated with a valuable product. For example, Texas caviar, Texas tea, Chilean sea bass, Missouri meerschaum, and Rocky Mountain oysters. Unaware consumers purchasing one of these products on the basis of the luxury implied by the noun may very well be unpleasantly surprised when they receive a salad or dip made of black-eyed peas, crude oil, a Patagonian toothfish, a corncob pipe, or deep-fried bull testicles, respectively. While the likelihood that a consumer would be deceived by any of these labels is not a question before the Court, they are illustrative of the confusion that may result from similarly named products.

"premium" and "finest grade" are mere puffery and are not the type of statements that are likely to mislead a reasonable consumer. "'Puffing' has been described by most courts as involving outrageous generalized statements, not making specific claims, that are so exaggerated as to preclude reliance by consumers." *Metro Mobile CTS, Inc. v. Newvector Comm'ns, Inc.*, 643 F. Supp. 1289, 1292 (D. Ariz. 1986) *rev'd without opinion*, 803 F.2d 724 (9th Cir. 1986). "While product superiority claims that are vague or highly subjective often amount to nonactionable puffery, 'misdescriptions of specific or absolute characteristics of a product are actionable.'" *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (internal citation omitted) (citing *Cook, Perkiss and Liehe, Inc.*, 911 F.2d at 246).

The descriptor "premium" may be, in at least some contexts, puffery that does not convey a specific, measurable promise about the goods advertised. *See Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 894 (C.D. Cal. 2013) (finding that the phrase "premium soda" had "no concrete, discernable meaning in the diet soda context"). The same may be said of the phrase "finest grade." *Cf. Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2006 WL 3093685, at *5 (N.D. Cal. Oct. 31, 2006) (finding the phrase "top of the line" to be non-actionable puffery). Plaintiff's claims are not premised, however, only on the usage of vague adjectives to describe the general quality of Home Depot's lumber. The thrust of Plaintiff's complaint is that Home Depot's use of the word mahogany was itself misleading, and that, in the context that they were used, the words "premium" and "finest grade" supported consumers' impressions that they were purchasing a more valuable or useful type of wood than they actually did. Accordingly, the Court finds that Home Depot's representations, as alleged by Plaintiff, could have misled a reasonable consumer, and Defendant's motion to dismiss on this ground is DENIED.

**D.    Factual Challenges to Particular Claims**

  **1.    Claim 2: Breach of Implied Covenant of Good Faith and Fair Dealing**

Defendant argues that Plaintiff has not alleged facts supporting his contention that Home Depot

knew or deliberately disregarded the fact that it sold false mahoganies and that Plaintiff's expectations regarding the species of the mahogany purchased were unreasonable, and Plaintiff has therefore failed to state a claim for breach of the implied covenant of good faith and fair dealing. ECF No. 7-1 at 24-25. Plaintiff contends that his allegations that Defendant actively misrepresented inferior species of wood as authentic mahogany, thereby frustrating the common purpose of purchasing mahogany, is sufficient to state a claim for breach of the implied covenant of good faith and fair dealing. ECF No. 9 at 21-22.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 659 (1958). To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege that

> the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347-48 (2001).

Plaintiff's claim for breach of the covenant of good faith and fair dealing is premised on the allegation that Home Depot knew or deliberately disregarded the fact that the lumber products it sold to Plaintiff was a false mahogany. ECF No. 1 at ¶ 101. Plaintiff has not alleged, however, that Defendant took any action to frustrate Plaintiff's ability to enjoy the benefits of the contract, that is, use of the wood he purchased, but rather alleges that Defendant misrepresented the type and quality of the wood and so induced Plaintiff to pay more than he otherwise would have. This type of conduct is not actionable as a breach of the implied covenant of good faith and fair dealing. *See Boris v. Wal Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1175 (C.D. Cal. 2014) (alleged misrepresentations as to the effectiveness of one headache medicine compared to another did not give rise to a breach of implied

18

covenant of good faith and fair dealing claim). Defendant's motion to dismiss Plaintiff's claim for breach of good faith and fair dealing is therefore GRANTED. Because Plaintiff could conceivably allege facts to establish that Defendant took any action to frustrate the purpose of the agreement, the dismissal is WITH LEAVE TO AMEND.

### 2.    Claims 3 and 5: CLRA and UCL Unlawfulness

Defendant asserts that Plaintiff failed to allege either that an issue of product safety required Home Depot to disclose the species of the wood it sold as mahogany, or that Home Depot made an affirmative misrepresentation of the species, and therefore has not pled all the required elements for a CLRA and UCL unlawfulness claim. ECF No. 7-1 at 25. Plaintiff argues that he has alleged a material misrepresentation, and that his UCL and CLRA claims do not require any showing of intent. ECF No. 9 at 22-23.

The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer," Cal. Civ. Code § 1770(a), including "[r]epresenting that goods . . . have . . . characteristics[ or] ingredients . . . which they do not have," Cal. Civ. Code § 1770(a)(5), and "[r]epresenting that goods . . . are of a particular standard, quality, or grade . . . if they are of another, Cal. Civ. Code § 1770(a)(7). Conduct "likely to mislead a reasonable consumer" violates the CLRA. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006). "Omissions are actionable under the CLRA only when the omission is contrary to a representation actually made by the defendant or where a duty to disclose exists." *Williamson v. Apple, Inc.*, No. 5:11–cv–00377 EJD, 2012 WL 3835104, at *6 (N.D. Cal. Sept. 4, 2012).

Plaintiff has alleged that Defendant represented that its lumber products were mahogany and failed to disclose that the actual species of the wood sold was not mahogany. Taking Plaintiff's allegations regarding the species of tree that are considered to be genuine mahogany as true, this allegation is sufficient to state a claim under the CLRA that there was an omission which was contrary

to a representation made by Defendant and which was likely to mislead a consumer. The UCL unlawfulness prong treats violations of laws, including the CLRA, as unlawful business practices independently actionable under state law. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000); *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 533 (C.D. Cal. 2012). Because Plaintiff has stated a claim under the CLRA, and Defendant has not argued that Plaintiff's UCL unlawfulness claim fails for any independent reason, Defendant's motion to dismiss Plaintiff's CLRA and UCL unlawfulness claims is DENIED.

### 3. **Claim 8: Negligent Misrepresentation**

Defendant asserts that Plaintiff has not alleged a viable negligent misrepresentation claim because California's economic loss rule bars such a claim when premised on a breach of contract. ECF No. 7-1 at 25-26. Additionally, Defendant argues that Plaintiff has not pled facts supporting the required elements of misrepresentation, Home Depot's lack of reasonable grounds for believing the misrepresented fact to be true, and justifiable reliance on the misrepresentation by Plaintiff. *Id.* at 26. Plaintiff does not respond to Defendant's argument regarding the economic loss rule, but argues that the Complaint properly alleges all the elements required for a negligent misrepresentation claim. ECF No. 9 at 23-24.

California's economic loss rule provides that "in actions for negligence, liability is limited to damages for physical injuries and recovery of economic loss is not allowed." *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 F. App'x 603, 605 (9th Cir. 2008). "The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th. 979, 988 (2004). The purpose of the economic loss rule is to "prevent[] the law of contract and the law of tort from dissolving into one another." *Id.*

> Economic loss . . . has been defined as the diminution in value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold. "Economic loss

> generally means pecuniary damage that occurs through loss of value or use of the goods sold or the cost of repair together with consequential lost profits *when there has been no claim of personal injury or damage to other property.*"

*San Francisco Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 n. 5 (1995) (quoting *MDU Res. Grp. v. W.R. Grace and Co.*, 14 F.3d 1274, 1279 (8th Cir. 1994) (emphasis in original), *cert. denied*, 513 U.S. 824 (1994)).

Plaintiff has not advanced any argument why the economic loss doctrine does not bar his claim for negligent misrepresentation. He has also not identified any injury not purely economic in nature, or any other special relationship or situation which would warrant an exception to the economic loss rule. *See Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1036 (N.D. Cal. 2016) (economic loss rule bars negligent misrepresentation claim based on allegedly under-filled coffee drinks); *see also Welk v. Beam Suntory Import Co.*, 124 F. Supp. 3d 1039, 1044 (S.D. Cal. 2015) (finding that the economic loss rule bars negligent misrepresentation claim based on allegedly misleading labels on bourbon bottles). Accordingly, the Court finds that the economic loss rule bars Plaintiff's negligent misrepresentation claim, and Defendant's motion to dismiss that claim is GRANTED. Since Plaintiff could conceivably allege a non-economic injury, dismissal is WITH LEAVE TO AMEND.

### 4. **Claim 9: Unjust Enrichment**

Defendant argues that, under California law, unjust enrichment does not constitute a freestanding cause of action, and is instead a remedy. ECF No. 7-1 at 26. Plaintiff does not contend that unjust enrichment is anything but a remedy available to make a plaintiff whole from, among other things, fraud. ECF No. 9 at 24. California courts have concluded that "[u]njust enrichment is not a cause of action, just a restitution claim." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011). Defendant's motion to dismiss Plaintiff's claim for unjust enrichment is therefore GRANTED WITH LEAVE TO AMEND as to Plaintiff's asserting unjust enrichment as a theory of restitution.

### 5. **Claim 10: Express Warranty**

Defendant contends that Plaintiff's complaint does not set forth a claim for breach of express warranty because Plaintiff has not alleged that he relied on a written statement by Home Depot, but rather on oral statements from Home Depot employees. ECF No. 7-1 at 27. Plaintiff asserts that his Complaint did allege that Home Depot made written statements regarding its products, ECF No. 9 at 24, while Defendant replies that Plaintiff has not alleged that he personally relied on those statements, ECF No. 11 at 9.

Under the California Civil Code, an express warranty is "[a] written statement arising out of a sale to the consumer of a consumer good pursuant to which the manufacture, distributor, or retailer undertakes to preserve or maintain the utility or performance of the consumer good or provide compensation if there is a failure in utility or performance." Cal. Civ. Code § 1792.2(a)(1). To maintain a breach of express warranty claim, a plaintiff must allege that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Rodarte v. Phillip Morris, Inc.*, No. CV03-0353FMC(CTX), 2003 WL 23341208, at *5 (C.D. Cal. June 23, 2003).

As the Court has previously noted, Plaintiff's Complaint alleges that Home Depot made representations about the quality of its mahogany products within its brick and mortar stores, and that Plaintiff relied on representations made by Home Depot orally, through "in-store labels, tags and signage," and online. ECF No. 1 at ¶¶ 2-3,7, 28, 53, 70. Plaintiff has alleged facts showing that he relied on written statements by Home Depot to state a claim for breach of express warranty. Accordingly, Defendant's motion to dismiss Plaintiff's claim for breach of express warranty is DENIED.

**E.** **Standing**

Defendant argues that Plaintiff's lacks standing and his claims should be dismissed under Rule 12(b)(1) as to products he did not purchase. ECF No. 7-1 at 28-30. Defendant also contends that Plaintiff does not have standing to bring claims based on statements made through HomeDepot.com, as Plaintiff

has not alleged that he relied on those statements. *Id*. at 30-31. Plaintiff responds that he has standing because he has properly pled sufficient facts to establish his injury, and that he has standing as to unpurchased products because they are substantially similar to the one he bought. ECF No. 9 at 12-14.

Subject matter jurisdiction may be challenged through a Rule 12(b)(1) motion. *Chandler*, 598 F.3d at 1121-22. "Standing is a threshold matter central to [] subject matter jurisdiction." *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 978 (9th Cir. 2011). The central question of standing is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "In a class action, the plaintiff class bears the burden of showing that Article III standing exists." *Ellis*, 657 F.3d at 978. Standing under Article III of the United States Constitution has three basic elements.

> First, the plaintiff must have suffered an injury in fact —an invasion of a
> legally protected interest which is (a) concrete and particularized and (b)
> actual or imminent, not conjectural or hypothetical. Second, there must be
> a causal connection between the injury and the conduct complained of—
> the injury has to be fairly traceable to the challenged action of the
> defendant and not the result of the independent action of some third party
> not before the court. Third, it must be likely, as opposed to merely
> speculative, that the injury will be redressed by a favorable decision

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks, ellipses, brackets, and citations omitted).

In addition to the Article III standing requirements, the UCL requires that the plaintiff plead an economic injury caused by the complained of practice. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011); *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F3d 820, 825 n.1 (9th Cir. 2011) ("Plaintiffs filing an unfair competition suit must prove a pecuniary injury . . . and 'immediate causation . . . . Neither is required for Article III standing." (internal citations omitted)). California's FAL similarly requires that a plaintiff plead an economic injury caused by the challenged advertising. *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937, 947 (S.D. Cal. 2016). To establish standing under the CLRA a plaintiff must allege he or she was damaged by an allegedly unlawful practice. *Meyer v. Sprint*

*Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009) (citing Cal. Civ. Code § 1780(a)). Standing for a breach of express warranty claim also requires that harm be shown. *See Andrade v. Pangborn Corp.*, Case No. C 02-3771 PVT, 2004 WL 2480708, at *23 (N.D. Cal. Oct. 24, 2004). "Plaintiffs in a [deceptive product marketing] case like this one can show Article III standing by alleging that they purchased a product they otherwise would not have purchased, or that they spent too much on such a product, in reliance on a defendant's representations in ads or on labels." *Wilson v. Frito-Lay N. Am. Inc.*, 961 F. Supp. 2d 1134, 1140 (N.D. Cal. 2013).

There is no dispute that Plaintiff has standing as to the lumber labeled as mahogany that <u>he purchased</u>. The remaining question, and the one contested by Defendant, is whether Plaintiff has standing as lead plaintiff in this class action to assert claims related to products he did not purchase and representations he did not see. *See* ECF No. 7-1 at 28-31. Defendant contends that Plaintiff cannot have standing to bring claims as a representative based on products he did not purchase because he has not sustained any concrete and particularized injury regarding those products. *Id*. at 29. Similarly, Defendant argues that Plaintiff cannot assert any claim relating to statements or advertising that Plaintiff did not allege he relied upon when purchasing mahogany from Home Depot. *Id*. at 30-31.

"There is no controlling authority [in this Circuit] on whether [p]laintiffs have standing for products they did not purchase" when bringing a class action. *Miller v. Ghirardelli Chocolate Co*., 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012). Some Ninth Circuit courts have applied a bright-line rule that a class never has standing as to un-purchased products. *See, e.g., Granfield v. NVIDIA Corp*, No. C 11-05403 JW, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012). Other courts have simply deferred all such determinations until class certification, on the basis that such a dispute is "better taken under the lens of typicality or adequacy of representation, rather than standing." *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. C 10–01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011).

Many courts in this Circuit apply a "substantially similar" test in this type of situation. *Miller*, 912 F. Supp. 2d at 869; *see also Brown v. Hain Celestial Grp., Inc*., 913 F. Supp. 2d 881, 890 (N.D. Cal.

2012) ("The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar."). Under this test, when the lead plaintiff or plaintiffs in a class action has met the standing requirements for purchased products, the class has standing as to unpurchased products and can survive a motion to dismiss on standing so long as the products and misrepresentations are substantially similar. *Anderson v. The Hain Celestial Grp.*, 87 F. Supp. 3d 1226, 1233 (N.D. Cal. 2015). Products are substantially similar if "the resolution of the asserted claims will be identical between the purchased and unpurchased products." *Ang v. Bimbo Bakeries USA, Inc.*, Case No. 13-cv-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014). If the misleading aspect of both the purchased and unpurchased products can be examined without a "context-specific analysis of each product's label," the products are substantially similar. *Id.*

The "substantially similar" standard, while not universally applied, appears to be the majority rule applied by federal courts in California and in this District. *See Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1315 (E.D. Cal. 2014); *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012); *Morales v. Unilever U.S., Inc.*, Civ. No. 2:13-2213 WBS EFB, 2014 WL 1389613, at *4 (E.D. Cal. 2014). Accordingly, the Court will apply the substantially similar test in this matter.

Here, while the unpurchased products are different species of wood with different common names (Red and Santos mahogany) from the purchased product (Swamp mahogany), resolution of the asserted claims turns on whether wood from non-*Meliaceae* species of trees may be sold as "authentic," "genuine," or "premium" mahogany without misleading consumers. The allegedly misleading labeling features of both the purchased and unpurchased products are the failures to disclose the species of tree from which the wood comes and the use of terms like "genuine" and "authentic" for types of wood which Plaintiff contends are not truly mahogany. Even though Swamp, Santos, and Red mahoganies are alleged to come from different trees, and the purchased and unpurchased products are therefore not identical in composition, the type of misrepresentation alleged is common to all three products. The

types of harm are also the same for all of the named products. *See Michael v. Honest Co.*, LA CV15-07059 JAK (AGRx), 2016 WL 8902574 at *11 (C.D. Cal. Dec. 6, 2016) (taking into account the type of harm to class members from purchased and unpurchased products when evaluating whether products are substantially similar). Whether the labeling of all products at issue here is misleading can be determined without "context-specific" analysis, and the purchased and unpurchased types of wood named in the Complaint are "substantially similar" for the purposes of this litigation. The Court therefore finds that Plaintiff has standing as to the unpurchased products.[5] Defendant's 12(b)(1) motion to dismiss on standing is DENIED.

**F.**     **Motion to Strike Class Certification**

Defendant moves to strike the class allegations, arguing that the suit is not amenable to class treatment. Plaintiff's injuries are not similar to those of the putative class because he alleges that he was "subject to in-store oral representations by Home Depot employees," Defendant argues, and there is no allegation that the representations were part of a script or that other individuals were subject to identical representations. ECF No. 7-1 at 32. Plaintiff responds by noting that he alleged in his Complaint that Home Depot made similar misleading representations both through its website and its physical stores, and that Plaintiff's individual claims are not based solely on oral representations. ECF No. 9 at 25.

Pursuant to Rule 12(f), a party may request that the Court strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." A court may strike matters from the pleadings "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Rule 12(f) motions are generally disfavored, as they may be used as a tool to disrupt or delay proceedings. *Id.* "Before a motion to strike is granted the court must be convinced that there are no questions of fact, that

---

[5] A finding that the class has standing as to unpurchased products does not foreclose a challenge to the class under Rule 23. Once a court determines that the bare requirements of standing are met, the question of whether the lead plaintiff's injuries represent those of the class is one more properly addressed *de novo* at the class certification stage. *See Michael*, 2016 WL 8902574 at *11.

1     any questions of law are clear and not in dispute, and that under no set of circumstances could the claim

2     or defense succeed." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005).

3         A party may move to strike class allegations prior to discovery if a class action cannot be

4     maintained on the facts alleged in the complaint. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D.

5     Cal. 2009). While generally class certification is dealt with through a standalone order, Rule 23(c)

6     merely requires that a court make a determination regarding class certification "[a]t an early practicable

7     time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A) "Sometimes the

8     issues are plain enough from the pleadings to determine whether the interests of the absent parties are

9     fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court

10    to probe behind the pleadings before coming to rest on the certification question." *General Tel. Co. of*

11    *Southwest v. Falcon*, 457 U.S. 147, 160 (1982).

12        As the Court has observed, Plaintiff's individual claims, as alleged in his Complaint, are not

13    based solely on oral representations made to him by Home Depot employees. That alone provides a

14    sufficient ground to deny Defendant's motion to strike, as it is far from clear that there are no questions

15    of law or fact and that there are no circumstances under which Plaintiff's class could succeed. Moreover,

16    even if the question were a narrower one, in the ordinary course of matters a dispute as to whether a

17    class is ascertainable and whether a lead plaintiff can properly represent a putative class should be

18    resolved in connection with a thorough and focused class certification motion under Rule 23 motion

19    rather than through a Rule 12(f) motion. *See Astiana v. Ben & Jerry's Homemade, Inc.*, No. C 10-4387

20    PJH, 2011 WL 2111796, at *14-*15 (N.D. Cal. May 26, 2011). Accordingly, Defendant's motion to

21    strike under Rule 12(f) is DENIED.

22                      **VIII. <u>CONCLUSION AND ORDER</u>**

23        For the foregoing reasons, Defendant's motion to dismiss is GRANTED IN PART AND

24    DENIED IN PART. Plaintiff's claim for unjust enrichment is DISMISSED WITH LEAVE TO AMEND

25    to allow Plaintiff to assert unjust enrichment as a remedy. Plaintiff claims for negligent

misrepresentation and breach of good faith and fair dealing are DISMISSED WITH LEAVE TO AMEND. Defendant's motion to strike is DENIED. Any amended complaint shall be filed within 20 days of the entry of this order.

IT IS SO ORDERED.

Dated:   __May 31, 2018__                    _____/s/ Lawrence J. O'Neill_____
                                                          UNITED STATES CHIEF DISTRICT JUDGE