JOHN R. LAWLESS (Bar No. 223561)
*jlawless@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

S. STEWART HASKINS II (admitted *pro hac vice*)
*shaskins@kslaw.com*
JENNIFER R. VIROSTKO (admitted *pro hac vice*)
*jvirostko@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# BAKERSFIELD DIVISION

| | |
|---|---|
| CLYDE GOLDEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br><br>Defendant. | Case No. 1:18-cv-00033-LJO-JLT<br><br>**ORDER APPROVING THE AGREED CONFIDENTIALITY ORDER**<br><br>(Doc. 36) |

The parties to this Agreed Confidentiality Order (hereinafter "Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Parties To The Confidentiality Order**. This Order governs the named plaintiff as well as defendant Home Depot U.S.A., Inc. in the above-captioned lawsuit (the "Litigation").

**3. Confidential Information.** As used in this Order, "Confidential Information" shall mean all non-public material which contains or discloses information relating to, referencing, or pertaining to: proprietary or commercially sensitive information that could do harm to the designating party's business advantage (*e.g.*, marketing documents, business relationships with other parties and other similar information); research, technical, commercial or financial information that the party has maintained as confidential; personal information, as defined in Cal. Civ. Code § 1798.3, or other personally sensitive information; information received in confidence from third parties; and any other material that is Confidential pursuant to applicable law. Nothing in this Order shall be deemed to suggest that any party has any Confidential Information in its possession, custody, or control; that any Confidential Information in a party's possession, custody, or control is subject to disclosure in this proceeding; or that any party waives any objections to the relevance or admissibility of any Confidential Information produced by the party.

**4. Privileged Material.** "Privileged Material" means any document or

information that is, or that the producing party asserts is, protected from disclosure by a privilege or other immunity from discovery, including, without limitation, the attorney-client privilege or the work product immunity.

**5. Designation.**

    **a.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    **b.** The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

**6. Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the thirtieth day after the transcript is delivered to any party or the witness. Within this time period, a party may serve a Notice of Designation to

2
AGREED CONFIDENTIALITY ORDER

all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

**7. Protection of Confidential Material.**

    **a.** **General Protections.** All Confidential Information exchanged pursuant to this Order shall be used by the receiving party solely for purposes of the Litigation, shall not be used by the receiving party for any other purpose, and shall not be disclosed by the receiving party to anyone other than those identified in subparagraph (b). In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

    **b.** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        **(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action;

        **(2) Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        **(3) The Court and its personnel;**

        **(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

        **(5) Litigation Support Services.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing

or processing documents, including outside vendors hired to process electronically stored documents;

**(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Copies of the executed Attachment A shall be retained by counsel disclosing Confidential Information to such person;

**(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

**(8) Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of Litigation);

**(9) Mediator or Arbitrator.** Any mediators or arbitrators, including their necessary staff, engaged by the parties for settlement purposes in the Litigation; and

**(10) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    **c.**    **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**8. Inadvertent Failure to Designate.**

    **a.** This Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d). Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of documents or information in this action, other than an intentional disclosure.

    **b.** In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, any such production or disclosure of Privileged Material other than the knowing and intentional disclosure of a document or information, shall not be deemed to waive—in this Litigation or in any other federal or state proceeding—any applicable privilege or immunity (including, without limitation, the attorney-client privilege, the work product immunity and the joint defense or common interest privilege) that would otherwise attach to the disclosed materials or their subject matter. The parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of inadvertent disclosure in this action, regardless of the procedures used to identify Privileged Material prior to production.

    **c.** If a party identifies discovery material that appears on its face to be Privileged Material belonging to another party or non-party, the identifying party is under a good-faith obligation to notify that other party or non-party. Such notification shall not waive the identifying party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material. If the party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that party or non-party shall notify the receiving party of its assertion of privilege within 7 calendar days of receiving the identifying party's notification of potentially Privileged Material. Nothing in this Order limits or otherwise modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the

disclosing party that such Privileged Material has been produced.

  **d.** The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a party uses Privileged Material to support a claim or defense, when a party uses Privileged Material during a deposition without the assertion of a contemporaneous objection, when a party intentionally discloses Privileged Material to a third party, including the Court (e.g., in connection with or support of a filing), or whe

  **e.** n a party makes selective disclosures of documents for any other purpose. This paragraph does not preclude a party from arguing that waiver was made under any applicable rule of law.

  **f.** In addition, to the extent consistent with applicable law, including, without limitation, Fed.R.Evid 502(d), the inadvertent or unintentional disclosure of Confidential Information that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed and advising them that the material should have been designated Confidential Information within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing, as Confidential Information under this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material was not designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

  **9. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a

document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 141(b).

**10. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**11. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

    **a. Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

    **b. Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**12. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits

the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13. Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**a.** If a receiving party is served with a subpoena, request, or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena, request, or order. Such notification must include a copy of the subpoena, request, or court order.

**b.** The receiving party also must immediately inform in writing the party who caused the subpoena, request, or order to issue in the other litigation that some or all of the material covered by the subpoena, request, or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena, request, or order to issue.

**c.** The receiving party shall not be obligated to quash, seek a protective order or otherwise object to the order, subpoena, or other legal process but shall cooperate with respect to all reasonable procedures sought to be pursued by the producing party whose Confidential Information may be affected. Nothing herein

8
AGREED CONFIDENTIALITY ORDER

shall prevent the receiving party from timely complying with a subpoena served by a governmental entity or court.

**15. Obligations on Conclusion of Litigation.**

 **a. Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

 **b. Obligations at Conclusion of Litigation.** Upon final termination of the Litigation, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information within 14 days, including any copies, excerpts and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

 **c. Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**16. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**17. No Prior Judicial Determination.** This Order is entered based on the

representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

IT IS SO ORDERED.

Dated: **April 9, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

27

28

# Attachment A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# BAKERSFIELD DIVISION

| | |
|---|---|
| CLYDE GOLDEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br><br>Defendant. | Case No. 1:18-cv-00033-LJO-JLT<br><br>**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

AGREED CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1. My address is _____.
2. My present employer is _____ and the address of my present employment is _____.
3. My present occupation or job description is _____.
4. I have carefully read and understood the provisions of the Agreed Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Agreed Confidentiality Order.
5. I will hold in confidence and not disclose to anyone not qualified under the Agreed Confidentiality Order any Confidential Information or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.
6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.
7. No later than the final conclusion of the case, I will return all Confidential Information and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.
8. I agree to submit myself to the personal jurisdiction of the District Court for the Eastern District of California in connection with any proceeding concerning the Agreed Confidentiality Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

_____
[Name]

AGREED CONFIDENTIALITY ORDER