1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  CLYDE GOLDEN, INDIVIDUALLY, AND                    Case No. 1:18-cv-00033-LJO-JLT
    ON BEHALF OF ALL OTHERS SIMILARLY
12  SITUATED,                                          ORDER DENYING STIPULATION TO
                                                       AMEND THE CASE SCHEDULE
13              Plaintiffs,                            (Doc. 41**)**

14  v.

15  HOME DEPOT, U.S.A., INC.

16              Defendant.

17

18          Yesterday, counsel have filed a stipulation seeking to allow depositions to be taken beyond the

19  deadline, which was yesterday.  (Doc. 41)  In the stipulation, they have failed to demonstrate good cause

20  for the schedule amendment and, in fact, make no effort toward doing so.  Rather, they state only that

21  scheduling depositions has been "difficult" without showing how long they have been attempting to

22  schedule the depositions or the nature of the difficulties.

23          Once entered by the court, a scheduling order "controls the course of the action unless the court

24  modifies it."  Fed. R. Civ. P. 16(d).  According to Fed. R. Civ. P. 16(b)(3), a case schedule may be

25  modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  In Johnson v.

26  Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992), the Court explained,

27  . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the

amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was not diligent, the inquiry should end. Johnson, at 609.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added. The stipulation utterly fails to demonstrate good cause. Thus, the Court **ORDERS**:

1.      The stipulation to amend the case schedule (Doc. 41) is **DENIED**.

IT IS SO ORDERED.

Dated:   **June 18, 2019**               **/s/ Jennifer L. Thurston**
                                     UNITED STATES MAGISTRATE JUDGE