# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLYDE GOLDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>Defendants. | Case No.: 1:18-cv-0033 - LJO - JLT<br><br>ORDER GRANTING THE PARTIES' JOINT MOTION TO STAY<br><br>(Doc. 47) |

The parties seek a stay of the action, pending the resolution of Defendant's motion for summary judgment, which is currently under submission. (Doc. 47)

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55)).

In general, the party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*,

520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

The parties request a stay pending resolution of the motion for summary judgment, reporting "the Court's ruling on the motion for summary judgment will have an effect on the motion for class certification." (Doc. 47 at 2) The parties believe that "it would be difficult and inefficient for Plaintiffs to file their motion for class before the Court's ruling on the motion for summary judgment." (*Id.*) Because the motion for class certification is due on December 17, 2019, and the motion for summary judgment is currently under submission, the parties "request that the Court stay pending deadlines until after the Court's ruling on the motion for summary judgment." (*Id.*)

Significantly, it does not appear that the parties would suffer any prejudice from a stay in the proceedings, whereas preparation of the motion for class certification would be difficult without the Court's rulings related to the alleged violations of consumer protection laws. Further, the Court's ruling may clarify the issues and liability questions related to the class, and the orderly course of justice will be promoted by a stay, Thus, the facts set forth by the Ninth Circuit weigh in favor of a stay pending resolution of the dispositive motion. Based upon the foregoing, the Court **ORDERS**:

1. The joint motion to stay (Doc. 47) is **GRANTED**;
2. The matter is **STAYED**; and
3. The parties **SHALL** file a joint scheduling report related to the motion for class certification within 10 days of a decision on Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: **December 2, 2019**              **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE